IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:24-cr-118 |
| v. | **PLEA AGREEMENT** |
| NOLLI HEDAIRA NEAL SR., | |
| Defendant. | |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Mac Schneider, United States Attorney for the District of North Dakota, and Christopher C. Myers, Assistant United States Attorney; Defendant, NOLLI HEDAIRA NEAL SR.; and Defendant's counsel, Brian Toay, agree to the following:

1.      Defendant acknowledges the Information charges violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846.

2.      Defendant has read the charges and Defendant's attorney has fully explained the charges to Defendant.

3.      Defendant fully understands the nature and elements of the charged crimes.

4.      Defendant will voluntarily plead guilty to Counts One and Two of the Information and admit to the Forfeiture Notice.

5.      The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the

non-binding recommendations specified in this Plea Agreement, then Defendant

acknowledges that this agreement will have been fulfilled. Except as provided in

Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does

not give Defendant a right to withdraw Defendant's guilty plea.

6.      Defendant will plead guilty because Defendant is in fact guilty of the

charges. In pleading guilty to Counts One and Two, Defendant acknowledges that as to

Count One:

From in or about January 2023 to the date of the Information, in the Districts of

North Dakota, Minnesota, and elsewhere,

NOLLI HEDAIRA NEAL SR.

did knowingly and intentionally combine, conspire, confederate, and agree together and

with others, both known and unknown to the grand jury, to possess with intent to

distribute and distribute a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United

States Code, Section 841(a)(1), 841(b)(1)(C) and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one

or more of the conspirators committed the following overt acts:

1.  It was a part of said conspiracy that the defendants and others did possess with

intent to distribute and distribute a mixture and substance containing a detectable amount

of methamphetamine, a Schedule II controlled substance, in North Dakota, Minnesota,

and elsewhere;

2

2.  On or about January 4, 2024, a co-conspirator distributed approximately 27 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Grand Forks, North Dakota.

3.  On or about January 18, 2024, a co-conspirator distributed approximately 87 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Grand Forks, North Dakota.

4. On or about January 25, 2024, a co-conspirator distributed approximately 40 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Grand Forks, North Dakota.

5. On or about March 6, 2024, a co-conspirator possessed with the intent to distribute approximately 161 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Grand Forks, North Dakota.

6. On or about March 6, 2024, NOLLI HEDAIRA NEAL SR. possessed with the intent to distribute in excess of 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance in Grand Forks, North Dakota.

7.  It was further a part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

8.  It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities;

9. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions; and

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

As to Count Two, Defendant acknowledges that:

On or about March 6, 2024, in the District of North Dakota, and elsewhere,

NOLLI HEDAIRA NEAL SR.

did knowingly and intentionally possess with the intent to distribute in excess of 500 grams of a mixture and a substance containing methamphetamine, a Schedule II controlled substance, in Grand Forks, North Dakota;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.

As to the Forfeiture Notice, Defendant admits that upon conviction of Counts One and Two:

NOLLI HEDAIRA NEAL SR.

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, or Title 18, United States Code, Sections 981(a)(1)(C) or 924(d)(1), or Title 28, United States Code Section 2461. all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation of Title 21, United States Code, Section 846, and Title 18 United States Code Section 924(c), and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of the said violation(s), including but not limited to:

- $12,360 in United States Currency

4

- .380 Ruger LCP, SN: 371091220

If any of the forfeitable property as a result of any act or omission of a defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21,

United States Code, Section 853(p), to seek forfeiture of any property of said defendants

up to the value of the forfeitable property.

7.     Defendant understands the following maximum penalties apply:

Count One

| | |
|---|---|
| Imprisonment: | 20 years |
| Fine: | $1 million |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

Count Two

| | |
|---|---|
| Imprisonment: | 20 years |
| Fine: | $1 million |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment

on or before the day of sentencing.

5

8.      Defendant understands that by pleading guilty Defendant surrenders rights, including:

(a)      The right to a speedy public jury trial and related rights as follow:

(i)      A jury would be composed of twelve (12) lay persons selected at random. Defendant and Defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that Defendant is presumed innocent and that it could not return a guilty verdict unless it found Defendant guilty beyond a reasonable doubt.

(ii)      If a trial were held without a jury, then the Judge would find the facts and determine whether Defendant was guilty beyond a reasonable doubt.

(iii)      At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against Defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for Defendant refuse to appear voluntarily, Defendant can require their attendance through the subpoena power of the Court.

(iv)      At a trial, Defendant has a privilege against self-incrimination; thus, Defendant can decline to testify. No inference of guilt

can be drawn from Defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b)    Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask Defendant questions about Defendant's criminal conduct to ensure that there is a factual basis for Defendant's plea.

9.    Defendant understands that by pleading guilty Defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of Defendant's waiver.

10.    The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a) and must consult and consider the United States' Sentencing Commission, Guidelines Manual, (Nov. 2023) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of Defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11.    This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute Defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

7

12.     Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom Defendant is licensed, or with whom Defendant does business, of Defendant's conviction.

13.     The parties agree that the base offense level under the Sentencing Guidelines for Defendant's conduct is 30. (USSG § 2D1.1(c)(5) (Conspiracy involved more than 500 grams of a mixture and substance containing methamphetamine but less than 1.5 kilograms)

The United States reserves the right to argue a higher offense level at sentencing if it is determined through the pre-sentence investigation that Defendant is a "career offender" pursuant to USSG § 4B1.1.

The parties agree for +2 levels for a firearm possessed in Grand Forks, North Dakota on or about March 6, 2024. USSG § 2D1.1(b)(1).

14.     At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided Defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)).  The United States further agrees to move for an additional 1-level downward adjustment for timely notifying the United States of Defendant's intention to enter a guilty plea, thus permitting the Court and the United States to allocate their resources efficiently. (USSG § 3E1.1(b)).

15.     The parties stipulate and agree that, as of the date of this agreement, Defendant appears to qualify for a 2-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should Defendant subsequently fail to continue to accept

8

responsibility by failing to abide by the conditions of release, if applicable; by providing

false information to the Court, the probation office, or the United States; by unlawfully

using controlled substances; by attempting to obstruct justice; by breaching this Plea

Agreement; or by acting in a way that is inconsistent with, or failing to act in any way

that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16.     Neither the Court nor the Probation Office is a party to the Plea Agreement.

Neither the Court nor the Probation Office is bound by the Plea Agreement as to

determining the Sentencing Guideline range. The Court may depart from the applicable

guidelines range if the Court, on the record, states factors not contemplated by the

Sentencing Guidelines' Commission to justify the departure. Both parties reserve the

right to object to any departure. See USSG § 1B1.1, comment. (n.1) (defines

"departure"). There may be other adjustments the parties have not agreed upon.

17.     At sentencing, the United States will:

(a)     Recommend a sentence at the low end of the applicable Guideline

range, or the minimum mandatory, whichever is greater;

18.     Defendant acknowledges and understands that if Defendant violates any

term of this Plea Agreement, engages in any further criminal activity, or fails to appear

for sentencing, the United States will be released from its commitments. In that event,

this Plea Agreement shall become null and void at the discretion of the United States, and

Defendant will face the following consequences: (1) all testimony and other information

Defendant has provided at any time to attorneys, employees, or law enforcement officers

of the government, to the Court, or to the Federal Grand Jury, may be used against

Defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against Defendant and to use any information obtained directly or indirectly from Defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting Defendant for perjury, false statement(s), or false declaration(s), if Defendant commits such acts in connection with this agreement or otherwise.

19.    Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order Defendant to make restitution for all loss caused by Defendant's conduct, regardless of whether counts of the Information will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

20.    The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and Defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

21.    **Defendant's Waiver of Appeal**. Defendant acknowledges having been advised by counsel of Defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including proceedings

under 28 U.S.C. § 2255. Defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, Defendant hereby knowingly and voluntarily waives these rights, except as specifically reserved herein. Defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: Defendant's conviction or sentence; all non-jurisdictional issues; any assessment, restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statute(s) to which Defendant is pleading guilty or under which Defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statute(s). Defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the applicable guidelines range and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel that challenges the validity of the guilty plea or this waiver.

22.     By signing this Plea Agreement, Defendant further specifically waives Defendant's right to seek to withdraw Defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw Defendant's plea will be denied and any appeal of such denial should be dismissed.

23.     The Assistant United States Attorney and attorney for Defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes

regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24.     Defendant understands that by pleading guilty he will be convicted, and that any individual convicted who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has explained this consequence of his guilty plea.

25.     Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and Defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed Defendant's constitutional and other rights, including, but not limited to, Defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

MAC SCHNEIDER
United States Attorney

Dated:   7/16/2024

By: CHRISTOPHER C. MYERS
Assistant United States Attorney

Dated:   7/11/24

NOLLI HEDAIRA NEAL SR.
Defendant

Dated:   7/11/24

BRIAN TOAY
Attorney for Defendant

12